I would like to save five of my ten minutes to reply. There is one issue that is a concern to me. Since the briefs were filed, the Supreme Court came out with a decision that said that the courts should not be having in-chambers decisions. We raised it in our brief and we I think that's an important point here, that this case was reassigned from one judge to another after it was contested with statements under oath. We have no idea what basis it was reassigned, and we feel like that violates due process, and if the court would let us submit a memo on that, we'd like to do it. Otherwise, we just rely on page 39 through, I guess, 42 of the briefs in the case of Cantor. But I think that's an important point here. I don't understand this argument. This was transferred because it was low-numbered, because it was a related case, by the clerk on the form, and Judge Wilson just gave his consent to the transfer. I mean, he didn't seek the transfer or, you know, there's no action that isn't procedurally normal here that's shown by this document. Well, Your Honor, I, of course, respect your ruling, but the point I want to make is... That's not a ruling. I'm saying I don't understand your argument. All right. Well, my argument is this. When they filed a notice of writted case, we said it was inappropriate, they weren't related, and this was a civil rights action. It was not related to forfeiture. And the forfeiture action itself wasn't related to the other forfeiture action. We filed a contested under oath objections to it being reassigned from the judge it was originally assigned to. And the judges, I don't know which one, in camera made a decision to reassign the case to Judge Wilson. And our point is that since we filed statements under oath and objecting to it, that the court should not have gone ahead and reassigned it, left it with the original judge, I think it was Judge Byrne, because it's, in effect, like an in-camera summary judgment, because you raise issues of fact. And what the Supreme Court said in the Cantor case is that these things that are important like this, that they have to be in the record and you have to have a... First, I said it violated the federal rules to have decisions not put in the record so the other side could appeal it. But, number two, it's a due process matter. We have no way of briefing what factors the court took into consideration and not leaving it with Judge Byrne. I don't think there's any, if you can point to any rule or any constitutional provision that says you have a right to have a hearing before a certain judge. So I don't think this argument's going to get you too far. But I want to talk to you about what's the current state of the alleged investigation against your client? It's still going on. Ongoing? Yes, it's three years now. It's still going. Nothing's happened? No, nothing's happened. And what's, I gather, the forfeiture proceeding is just in abeyance. It's on hold. Yes, Your Honor. For two reasons. One, we couldn't file our statement. We filed constitutional objections and the government didn't want it to go forward because they didn't want discovery. And that's another reason why I filed the civil action to attack the constitutionality of the statute, because there's no discovery involved at all. It's a pure attack on the procedures, separate and distinct from forfeiture or anything else. Why can't you raise all of your constitutional arguments in the forfeiture proceeding? I don't understand. Because, Your Honor, before we could even file a responsive pleading, my client has to make a Well, at some point in the civil proceeding, you're going to be, your client's going to be put under oath, going to have to make a statement. He's got to prove his case. Well, Your Honor, the point is that he can't effectively do that in the forfeiture proceeding. Why not? Why can't you just file a motion to dismiss and raise your constitutional arguments? There's an ongoing investigation. I understand your constitutional argument. It's that there's an where the government has asserted its forfeiture rights of alleged money that might be tied to their investigation. And that has, and you can't really claim that property because to do so, you would incriminate yourself. Isn't that the constitutional argument? And then that violates your due process rights? Well, first of all, let me just answer directly. We can't do anything, file anything in the civil forfeiture proceeding until we file the statement with the clerk. That's the rule. So all they could do Can't you file that by the lawyer? Can't the lawyer file a statement on behalf of the client? Well, first of all, the lawyer wants to if he's stupid enough to do it. But why should I make a statement on behalf of my client that would, that may incriminate him? I'm not required to do that. As I pointed out in the brief, the lawyer may, but I certainly am not willing to do that. And my client can't make me do it. And it's deemed an admission by him. So that doesn't get us anywhere. So that's the problem. And this Court has said there's no immunity over those statements, as you would have in a motion to suppress. So we're not able to, that's why this violates access to the Court. We can't do anything until we file that statement. So you're telling me that once the government filed this forfeiture proceeding, there's nothing you could do in that case except to file a statement? That's that's a condition precedent. Before you could do anything. Yes, sir. That you couldn't file a motion to dismiss. You couldn't file a motion for summary judgment. You couldn't do anything. You had to file a statement. Yes, sir. That's my understanding. Can you point me to the rules that say that? You wanted to reserve five minutes. Why don't you, why don't you, now you step over that, why don't you look for the answer to Judge Pius's question while we hear from the other side? And then you'll have your time to, instead of using it more. May it please the Court. Your Honors, I think basically the government's position is well stated in its papers. However, I would like to expand upon one point in particular. And then if Your Honors have any questions, I'll be happy to answer those questions. In the answering brief, the government indicated why the civil forfeiture action is an adequate remedy for the appellants, which is why there's no need for them to pursue the equitable action. And specifically, the forfeiture action will provide the broadest judicial review for these appellants. These appellants will have a right to a jury trial, which they don't have in their complaint for the return. That's not his complaint. Can you answer my question? Can he just in the forfeiture, once you filed your forfeiture complaint, could he just move to dismiss it without filing a statement of interest? He could. He would probably not prevail, but he could file a motion to dismiss, or he could file a summary judgment motion. Without filing a statement of interest? Yes, he could. So you're conceding, at least for purposes of this argument, you're conceding the plaintiff's contention that participation in the forfeiture proceeding requires standing, and that standing requires an interest in the property to be forfeited? Yes. However, the government had offered to the appellants that they would, that the government would not use their statement of interest in the government's case in chief against them in exchange for them withdrawing their motion for summary judgment. We never heard back from the appellants in response to that offer. So their fear that that would place them in jeopardy by actually filing that statement is really unfounded. And in, on page 155 of the government's excerpts of record, Monica Tate, who was the attorney handling this matter, indicates that she made that offer to the appellants. So the invest, the criminal investigation's ongoing. Have you filed any indictments or informations or anything like that? No, Your Honor, but... This three years seems like an awful long time. I mean, if the money is his, I know he doesn't want to admit it right now, but if the money is his, you know, it's been sitting there an awful long time. Well, if, if these appellants should prevail, and this is a point I was about to get to, they will be entitled to interest. And one thing we didn't mention in our briefs, in the forfeiture action, now post-CAFRA, if the appellants prevail, they will very likely be entitled to attorney's fees. The only time that they're not entitled to attorney's fees is if they can't prove that they substantially prevailed. If they win, they win and they will have substantially prevailed. So under, under the complaint that they filed, even if they win in that case, they are not necessarily entitled to attorney's fees. Under the Equal Access to Justice Act, they're entitled to attorney's fees unless the government can make a showing that the government was substantially justified. Which, in this case, would be relatively easy, because the government could just turn to the fact that they sought a seizure warrant from a federal magistrate judge. Judge Johnson allowed that, that seizure. The government could, could basically stand behind that seizure warrant. So it's very unlikely in, in the complaint that the appellants have filed that they would ever be entitled to attorney's fees if they prevailed. In the forfeiture case, it's actually very likely that they would be entitled to attorney's fees. As far as the, the criminal investigation, Your Honor, we actually are very close to making charging decisions. And, in fact, Ivan Rashtian, who was the money mover in, in both of the cases in connection with the Baskule case involving real estate, real property, and, and the forfeiture case for approximately $72,000, Mr. Rashtian has pled guilty to structuring. He is scheduled to be sentenced on January 9th of 2006. Once he's sentenced, the government is going to make a decision as to any charges that might be brought. Okay. Unless Your Honors have any additional questions, the government's ready to submit. All right. Thank you, counsel. Thank you. Your Honor, I'm embarrassed to say I can't find it. I can supply it. It's not. I looked for it, and I couldn't find it. They talk about interest and attorney's fees. This is not a dandy suit. We're just trying to get a facial attack on this whole process when people are under investigation. And the point I want to make is we file first, and under 1331, we're entitled to have our, our case heard. And it was up on summary judgment on a pure question of law. It was right for decision. And to send this back and tell us to start all over again in the forfeiture action, Your Honor, just isn't, I don't think it's, it's effective remedy at all. Counsel, as I read your briefs, and I could be totally in error, and please correct me if I am, but it seems to me that the whole thrust of your brief makes a semantic argument that conflates equitable jurisdiction with subject matter jurisdiction. And it was my understanding, and bear in mind that I haven't studied equity for an awfully long time, but it was my understanding that equitable jurisdiction is determined subsequent to the determination of subject matter jurisdiction, and that equitable jurisdiction depends on certain elements, that the matter is one historically addressed in equity, that the moving party lacks an adequate remedy at law, that the moving party will suffer irreparable injury unless equity, equity takes the case, and finally that the case lends itself to the formulation of a decree of some kind. So in this case, the trial court did not deny that it had subject matter jurisdiction. It, I assume, assumed subject matter jurisdiction, proceeded to equitable jurisdiction, and concluded that you had an adequate remedy at law. If that is a correct conclusion, then the court had no equitable jurisdiction, and its decision is correct. If that is incorrect, and you did not have an adequate remedy at law, then of course you have a legitimate argument before this court. But to conflate equitable jurisdiction with subject matter jurisdiction confuses things to me. Well, Your Honor, the way I look at it is that subject matter jurisdiction vests, and in civil rights actions, the remedy just happens to be equity. It happens to be an injunction. But that doesn't mean that you're necessarily invoking equity jurisdiction. We gave three bases. So your suggestion is that the controlling authority of the Ninth Circuit dispenses with equitable jurisdiction in civil rights cases? No, Your Honor. What I'm saying is I gave three bases for jurisdiction. The Administrative Procedures Act, which provides for an injunction, and 1331a. And I also pointed out the anonymous equity jurisdiction of this Court. But I think there's a difference between statutory jurisdiction, which allows you to bring a cause of action by act of Congress, and common law equity jurisdiction. And that's why we took a brief. So your contention is that there is authority of the Ninth Circuit that holds, that in civil rights cases, a plaintiff need not show the inadequacy of remedies that law and show that he or she will suffer irreparable injury before the court can grant an injunction? And you suggest that interpretations of the Administrative Procedures Act hold that as well? No, I can't say that, Your Honor. I'm looking at jurisdiction itself, and I'm not trying to merge them. But so that's my point, is that we have these statutory actions here. And he has no adequate remedy law. You've got a State proceeding that's never going to happen because the government doesn't want discovery. And number two, I'm confident the rule is going to say you have to file this first. And in a forfeiture action, Your Honor, every step waiving civil rights, every step of the proceeding, this man's supposed to litigate when he's under threat of indictment. He can't take his deposition. He can't answer interrogatories. And as the Supreme Court pointed out, even innocent people can assert the fifth. So it isn't the fifth. It's the fourth, first. I mean, as you go through the proceeding, it's just impossible. Well, didn't the common law courts adopt a remedy for your concern in jurisdictional matters called a special appearance? Couldn't you file a special appearance in the forfeiture action, raise your constitutional issues if they were rejected, and bring an interlocutory appeal? Your Honor, I don't believe until you file that document you can do anything. And but suppose the motion is denied. I don't know. I don't believe that an interlocutory appeal would work because we're in this forfeiture action. Doesn't the Cohen case hold where you have a collateral issue, and your collateral issue is the right not to be tried at all? You have a right to an immediate appeal, that that would fictionally be a final judgment? Your Honor, I'm not willing to go that far to say that we'd have a guaranteed right to do that. But look at all the hurdles we're being forced to go over. We filed first this simple, pure legal action. And to make us go and do all these other things, it's denying us our constitutional right of access to the courts, as we pointed in there. It's got to be an effective and efficient matter. And here we have this simple civil action, pure question of law. It's up on summary judgment. Instead of deciding it one way or the other, we're now told to go back and go through this process of interlocutory appeals and all these other things which may or may not work. We have to risk this problem of even getting in the door. And then it's been stayed. The judge refuses to set the stay aside. The government doesn't want this. They don't want the forfeiture action to go forward. They don't want criminal discovery. We're not interested in criminal discovery. But sending us back through that is a denial, I think, of a person's constitutional right of access to the courts. All right. Thank you, counsel. You're well over your time. Atlantic Investments v. United States is submitted.
judges: Wardlaw, Paez, Singleton